D'AURIA, J.
**368 In Genovese v. Gallo Wine Merchants, Inc. , 226 Conn. 475, 493, 628 A.2d 946 (1993), this court held that, under General Statutes § 31-51bb, principles of collateral estoppel do not bar a claimant, who had previously brought a grievance pursuant to a collective bargaining agreement, from bringing a statutory cause of action in the Superior Court raising the same or a similar issue. We recently affirmed this *1160 holding in Spiotti v. Wolcott , 326 Conn. 190, 199-200, 163 A.3d 46 (2017). In the present case, we are asked to determine whether our holding in Genovese , in which the plaintiff brought an action in the Superior Court pursuant to General Statutes § 31-290a, applies equally when a plaintiff has opted to bring his claim pursuant to § 31-290a before the Workers' Compensation Commission (commission). Specifically, we must determine whether the Compensation Review Board (review board) correctly determined that § 31-51bb permitted the plaintiff, Simon Williams, to file a claim with the commission alleging that the named defendant, the city of New Haven,[1] had **369 violated § 31-290a by wrongfully terminating his employment in retaliation for bringing a workers' compensation claim, despite the fact that a related issue previously had been decided by the State Board of Mediation and Arbitration (state board) in an arbitration proceeding brought pursuant to the plaintiff's collective bargaining agreement. We conclude that the review board correctly determined that, under § 31-51bb, the plaintiff's claim brought before the commission pursuant to § 31-290a was not barred by the doctrine of collateral estoppel. Accordingly, we affirm the review board's decision.
The record reveals the following procedural history and facts that either were found by the review board, the Workers' Compensation Commissioner for the Third District (commissioner), or are not disputed. The plaintiff was employed by the city in its refuse division from 1993 until his employment was terminated on November 1, 2012. In January, 2011, the plaintiff injured his left shoulder, neck and back during the course of his employment. Patrick Ruwe, a physician, treated the plaintiff for his shoulder injury, and Shirvinda Wijesekera, also a physician, treated him for his neck and back injuries. On January 19, 2012, Ruwe released the plaintiff for light duty work for eight hours each day effective January 23, 2012.
Pursuant to the city's policy of returning injured employees to work as soon as medically reasonable, the city informed the plaintiff that he was assigned to light duty work at the city's fleet maintenance division. His hours were 7 a.m. to 3 p.m., and his work consisted of transferring handwritten work orders to a computerized database. Upon returning to work, the plaintiff requested that his hours be changed to the hours that he had worked before his injury, 5 a.m. to 1 p.m., because the new schedule interfered with his second job. John Prokop, the city's director of public works, **370 explained to the plaintiff that the city could not accommodate that request because the location of the plaintiff's light duty assignment did not open until 7 a.m., and the city did not want the plaintiff to work unsupervised.
Upon being informed of this, the plaintiff, later that same day, called Ruwe's office and spoke to his secretary. As a result of this conversation, Ruwe revised his work status report to restrict the plaintiff's hours to four to five hours of work per day. Shortly thereafter, Prokop called Ruwe's office and asked why the plaintiff's hours had been changed just days after he had returned to work. Ruwe then conducted a follow-up examination of the plaintiff and issued a work release form indicating that he had executed the previous form, which restricted the plaintiff's work to four *1161 to five hours per day, in order to accommodate the plaintiff's desire to perform his second job and that Ruwe was now lifting that restriction.
The city subsequently filed with the commission a notice of intent to reduce or discontinue the plaintiff's workers' compensation benefits and initiated an investigation of the matter. During the course of the investigation, the plaintiff and Ruwe were deposed. Ruwe testified at his deposition that he had reduced the plaintiff's work hours to accommodate the plaintiff's desire to perform his second job and that there was no medical reason for the restriction. Thereafter, the commissioner granted the city's request to reduce the plaintiff's workers' compensation benefits for the period of January 19 through May 22, 2012.
After giving the plaintiff notice of its intent to do so, the city conducted a pretermination hearing to determine whether the plaintiff's employment should be terminated because he had committed workers' compensation fraud. The city subsequently notified the plaintiff that his employment was being terminated.
**371 The plaintiff's union, the United Public Service Employees Union, Local 424, Unit 34 (union), then filed a grievance pursuant to the collective bargaining agreement between the city and the union, claiming that the plaintiff had been fired without just cause. The parties agreed to bypass the grievance procedure and to proceed directly to arbitration before the state board, as authorized by the collective bargaining agreement. After conducting evidentiary hearings, the state board issued an award in favor of the city, concluding that it had just cause to terminate the plaintiff because his receipt of workers' compensation benefits was "the result of the [plaintiff's] intentional deceit" and his conduct "amounted to theft ...." The state board noted that, as defined in The Random House Dictionary of the English Language (2d Ed. 1987) p. 762, "fraud" means, among other things, "deceit, trickery, sharp practice, or breach of confidence, perpetrated for profit or to gain some unfair or dishonest advantage."
The plaintiff then filed an application to vacate the arbitration award pursuant to General Statutes § 52-418 (a) (4). The trial court observed that, because the submission to arbitration was unrestricted, the court's review was limited to determining whether "(1) the award fail[ed] to conform to the submission, or, in other words, [fell] outside the scope of the submission; or (2) the arbitrators manifestly disregarded the law." Harty v. Cantor Fitzgerald & Co. , 275 Conn. 72, 85, 881 A.2d 139 (2005). The court concluded that the plaintiff had failed to establish either prong of Harty and, accordingly, denied the application to vacate the arbitration award.
Meanwhile, the plaintiff filed a claim with the commission, alleging that he had been wrongfully discharged by the city in retaliation for bringing a workers'
**372 compensation claim in violation of § 31-290a.[2] The city moved to dismiss the claim, contending that it was barred by the doctrine of collateral estoppel because the issue had been finally decided in the arbitration proceeding before the state board. The commissioner concluded that, under *1162 § 31-51bb,[3] as interpreted by this court in Genovese v. Gallo Wine Merchants, Inc. , supra, 226 Conn. at 493, 628 A.2d 946, the plaintiff was entitled to pursue his claim pursuant to § 31-290a despite his prior voluntary submission of a related claim to arbitration pursuant to the collective bargaining agreement. See id. (by enacting § 31-51bb, "the legislature intended to permit an employee, despite his prior voluntary submission of a related claim to final arbitration under a collective bargaining agreement, to pursue a statutory cause of action in the Superior Court"). In addition, the commissioner concluded that the issue raised by the plaintiff in his claim to the commission pursuant to § 31-290a, namely, whether the city had retaliated against him for filing a workers' compensation claim, was separate and distinct from the issue raised in the arbitration, namely, whether there was just cause to terminate the plaintiff because he had engaged in workers' compensation fraud.
The city filed a motion to correct the commissioner's finding and award, arguing that the commission lacked **373 jurisdiction to entertain the plaintiff's claim pursuant to § 31-290a"in light of the prior [state board] ruling that found [the] termination to be lawful and a prior Superior Court ruling that declined to vacate that arbitration panel ruling." The commissioner denied the motion. The city then filed a petition for review with the review board. The review board agreed with the commissioner that, under this court's interpretation of § 31-51bb in Genovese , the plaintiff's claim was not barred by principles of collateral estoppel. The review board also agreed with the commissioner that the issue that the plaintiff raised in his claim to the commission pursuant to § 31-290a was different from the issue raised in the arbitration proceeding pursuant to the collective bargaining agreement. Accordingly, the review board affirmed the commissioner's decision.
This appeal followed.[4] The city contends that, contrary to the review board's determination, this court's decision in Genovese v. Gallo Wine Merchants, Inc. , supra, 226 Conn. at 486, 628 A.2d 946, which held that, under § 31-51bb, principles of collateral estoppel do not bar an employee covered by a collective bargaining agreement from pursuing a statutory cause of action when a related issue previously has been decided in a proceeding provided for in the agreement, does not apply to the present case because § 31-51bb applies only to statutory causes of action that are pursued "in a court of competent jurisdiction ...." General Statutes § 31-51bb. The city points out that, unlike in Genovese , in which the plaintiff employee filed his claim pursuant to § 31-290a in the Superior Court; see Genovese v. Gallo Wine Merchants, Inc. , supra, at 479, 628 A.2d 946 ; the plaintiff in the present case did not pursue a statutory cause of action in any court, but filed **374 his claim pursuant to § 31-290a with the commission.[5] In the *1163 alternative, the city contends that the provision of § 31-51bb that permits the plaintiff to pursue a statutory cause of action in a court of competent jurisdiction, despite the fact that his claim previously had been decided by the state board, was satisfied because the plaintiff was permitted to pursue in the Superior Court an application to vacate the arbitration award pursuant to § 52-418. The city further argues that the review board incorrectly determined that the issues the plaintiff raised in his claim to the commission pursuant to § 31-290a were different from the issues raised in the arbitration proceeding pursuant to the collective bargaining agreement.
We disagree with the city's first two claims and conclude that the review board correctly determined that § 31-51bb, as interpreted by this court in Genovese , permitted[6] the plaintiff to file his claim pursuant to § 31-290a with the commission, despite the fact that the state board previously had determined that the city did not wrongfully terminate his employment. We further conclude that we need not determine whether the issue that the plaintiff raised in the arbitration proceeding before the state board was different from the issue that **375 he raised in his claim to the commission pursuant to § 31-290a because, even if the issues were the same, § 31-51bb would permit the plaintiff to file his claim with the commission.
Whether § 31-51bb permits the plaintiff to file a claim with the commission pursuant to § 31-290a alleging that the city had wrongfully terminated his employment in retaliation for bringing a workers' compensation claim, notwithstanding the fact that the state board previously had decided in a prior arbitration proceeding that the city had not wrongfully terminated the plaintiff's employment, is a question of statutory interpretation subject to plenary review. See, e.g., Perez-Dickson v. Bridgeport , 304 Conn. 483, 507, 43 A.3d 69 (2012). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature .... In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply .... In seeking to determine that meaning ... [General Statutes] § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) Id., at 507-508, 43 A.3d 69. If, however, when considered in relation to other statutes, the statutory text at issue "is susceptible to more than one plausible interpretation," we may appropriately consider extratextual evidence.
*1164 (Internal quotation marks omitted.) Lackman v. McAnulty , 324 Conn. 277, 285-86, 151 A.3d 1271 (2016).
We begin our analysis with the language of § 31-51bb : "No employee shall be denied the right to pursue, in a court of competent jurisdiction, a cause of action arising under the state or federal Constitution or under a **376 state statute solely because the employee is covered by a collective bargaining agreement. Nothing in this section shall be construed to give an employee the right to pursue a cause of action in a court of competent jurisdiction for breach of any provision of a collective bargaining agreement or other claims dependent upon the provisions of a collective bargaining agreement."
As we have indicated, this is not the first time that this court has construed § 31-51bb. In Genovese v. Gallo Wine Merchants, Inc. , supra, 226 Conn. at 480-81, 628 A.2d 946, this court observed that § 31-51bb had been enacted in response to our holding in Kolenberg v. Board of Education , 206 Conn. 113, 121-23, 536 A.2d 577, cert. denied, 487 U.S. 1236, 108 S.Ct. 2903, 101 L.Ed. 2d 935 (1988), that an employee was required to exhaust the grievance and arbitration procedures available to him pursuant to a collective bargaining agreement before he could file a civil action in the Superior Court raising certain constitutional and contractual claims. See id., at 123, 536 A.2d 577, citing School Administrators Assn. v. Dow , 200 Conn. 376, 385, 511 A.2d 1012 (1986) (although plaintiff challenging constitutionality of administrative procedure may be permitted in "special circumstances" to bring collateral action without first exhausting administrative remedies, judicial adjudication of constitutional claims "is not warranted when the relief sought by a litigant might conceivably have been obtained through an alternative [statutory] procedure" [internal quotation marks omitted] ).[7] We concluded in Genovese that § 31-51bb was **377 intended not only to permit an employee covered by a collective bargaining agreement to pursue a statutory cause of action without first exhausting the remedies provided for in the agreement but, also, that it was intended "to *1165 permit an employee to assert statutory rights in a court action despite a prior adverse determination of the same or similar claim in an arbitration proceeding brought pursuant to a collective bargaining agreement." Genovese v. Gallo Wine Merchants, Inc. , supra, at 486, 628 A.2d 946 ; see also Spiotti v. Wolcott , supra, 326 Conn. at 200, 204, 163 A.3d 46 (rejecting claim that legislature overruled Genovese when it enacted § 1-2z, which codified plain meaning rule, and declining under principles of stare decisis to overrule Genovese ).
In the present case, the city does not dispute this holding in Genovese or ask us to overrule that case. Rather, the city claims that, although under § 31-51bb the doctrine of collateral estoppel does not bar an employee who has arbitrated a claim pursuant to a collective bargaining agreement from subsequently bringing a statutory claim raising the same issue in "a court of competent jurisdiction," § 31-51bb does not apply to subsequent claims filed in a forum other than the Superior Court. The plaintiff contends that, to the **378 contrary, the legislature intended § 31-51bb to ensure that employees covered by collective bargaining agreements do not lose statutory rights available to other employees, and the forum in which the statutory cause of action is pursued has no bearing on whether the statute applies. Under the plaintiff's reading of the statute, the legislature intended the phrase "in a court of competent jurisdiction" simply to clarify that statutory and constitutional claims need not be brought pursuant to the procedures provided in a collective bargaining agreement, and it was not intended to limit the application of the statute to claims pursued in court. General Statutes § 31-51bb.
We acknowledge that the phrase "in a court of competent jurisdiction" occurs hundreds of times in the General Statutes. The plaintiff has not identified, and our research has not revealed, other statutes in which it would clearly appear, at least on the face of the statute, that the phrase includes tribunals other than courts.[8] It is well established, however, that statutory language should not be considered in isolation but must be interpreted in context. See, e.g., State v. Marsh & McLennan Cos. , 286 Conn. 454, 464-65, 944 A.2d 315 (2008) ("[t]he test to determine ambiguity is whether the statute, when **379 read in context, is susceptible to more than one reasonable interpretation" [internal quotation marks omitted] ); State v. Brown , 235 Conn. 502, 516, 668 A.2d 1288 (1995) ("[i]t is a basic tenet of statutory construction that the intent of the legislature is to be found not in an isolated phrase or sentence but, rather, from the statutory scheme as a whole" [internal quotation marks omitted] ).
We conclude that, when the phrase "in a court of competent jurisdiction" is considered *1166 within the context of § 31-51bb, both parties' interpretations of the statute are plausible, and, therefore, the statute is ambiguous. First, § 31-51bb does not expressly provide that employees covered by a collective bargaining agreement can pursue a cause of action arising under the state or federal constitution or a state statute exclusively in the Superior Court. Second, it is not unreasonable to conclude that the legislature included the phrase "in a court of competent jurisdiction" in § 31-51bb solely because, in the absence of that phrase, the statute would be entirely unclear as to whether such a cause of action may be pursued in proceedings other than those provided for in a collective bargaining agreement, and the legislature was not concerned with specifying the forum in which the cause of action may be brought. Because § 31-51bb does not plainly and unambiguously manifest an intent to apply exclusively to claims pursued in the Superior Court, we may consider extratextual evidence of its meaning, including its legislative history.
As we observed in Genovese v. Gallo Wine Merchants, Inc. , supra, 226 Conn. 475, 628 A.2d 946, Representative Dale W. Radcliffe stated during the debate on Public Acts 1988, No. 88-275, § 1, which was codified at § 31-51bb, that its primary purpose was " 'to [e]nsure that the courts of this state are going to be open to all individuals, regardless of whether they are covered by a collective bargaining agreement .... There was some language in [this court's decision in **380 Kolenberg v. Board of Education , supra, 206 Conn. 113, 536 A.2d 577 ] which some felt would prevent an individual covered by a collective bargaining agreement from pursuing [a statutory] cause of action.' 31 H.R. Proc., Pt. 13, 1988 Sess., pp. 4567-68; [see also] Conn. Joint Standing Committee Hearings, Judiciary, Pt. 5, 1988 Sess., p. 1449, remarks of Attorney Ruth Pulda ('[e]ach of these [statutory] causes of action is threatened by the holding of Kolenberg ...'); [Conn. Joint Standing Committee Hearings, supra], p. [1520, written remarks] of Barry Williams of the AFL-CIO [union] ('[a]s I understand it, Connecticut courts have erroneously ruled that a worker covered by a collective bargaining agreement must [adjudicate all claims] through the process established in the contract before seeking a remedy in court')." Genovese v. Gallo Wine Merchants, Inc. , supra, at 482, 628 A.2d 946 ; see also Conn. Joint Standing Committee Hearings, supra, pp. 1448-49, remarks of Attorney Pulda (legislation was intended to protect right to bring cause of action to vindicate state statutory rights, including "the right to be free from race, sex [and] age discrimination, the right to earn at least a minimum wage, and, more recently, the right to report employers' illegal conduct to the appropriate state agency, the right to file workers' compensation claims, and the right to exercise free speech"); Conn. Joint Standing Committee Hearings, supra, p. 1452, remarks of Attorney Pulda ("[t]he right to be free from discrimination [that the legislature] created ... should exist independently of the union contract and [employees] should have the right to vindicate [that right] in state court and not just be limited to the limited remedies that [they] are allowed in arbitration").
Although Representative Radcliffe referred to "the courts of this state"; 31 H.R. Proc., supra, p. 4567; it is clear to us that the primary problem with which these speakers were concerned was ensuring that generally available statutory causes of action would be available to employees covered by collective bargaining **381 agreements-not with specifying the forum in which such actions could be brought. In other words, these remarks support the conclusion that § 31-51bb was *1167 intended to ensure that, when there is a generally available statutory or constitutional cause of action or remedy, such employees would have the same right to pursue that cause of action or to invoke that remedy as employees not covered by a collective bargaining agreement. See Conn. Joint Standing Committee Hearings, supra, p. 1450, remarks of Attorney Pulda (legislation "simply restores to union members the causes of action and remedies [for statutory violations] that the legislature originally provided"); id., p. 1454, remarks of William Rudis, director of political legislation for the Connecticut State Council Machinists ("union members are no different than any other members of society ... and ought not to be discriminated against"); id. ("it is essential that employees in collective bargaining areas be given the same kinds of consistent protections that we see ... folks everywhere in our society today are given"); id., p. 1528, written remarks of the Connecticut Civil Liberties Union ("[t]his bill ... would afford employees covered by collective bargaining agreements the same rights as those who are not unionized, a remedy at law or equity for violations of civil or constitutional rights"). Indeed, Attorney Pulda expressly stated in her remarks that the legislation was intended to protect the right to "report employers' illegal conduct to the appropriate state agency [including] the right to file workers' compensation claims ...."[9] (Emphasis **382 added.) Id., p. 1448. Thus, this legislative history supports the conclusion that the legislature contemplated that employees covered by collective bargaining agreements would have the same right to raise a statutory claim in an agency as other employees. Accordingly, it is reasonable to conclude that the phrase "in a court of competent jurisdiction," as used in § 31-51bb, was not intended to specify the forum in which such rights may be vindicated but was intended to make clear that the procedures provided for in a collective bargaining agreement would not be the exclusive vehicle by which employees covered by that agreement may vindicate their statutory and constitutional rights. Indeed, in acting to protect the rights of employees covered by collective bargaining agreements to raise a statutory claim, we can think of no reason why the legislature would distinguish between those who chose to pursue their claims before a state agency and those who chose to pursue their claims in the Superior Court.
The city contends that, to the contrary, the problem that § 31-51bb was intended to address was "that arbitration may be a less effective forum for the final resolution of statutory claims" than proceedings in court because "[t]he [fact-finding] process in arbitration usually is not equivalent to judicial [fact-finding]. The record of the arbitration proceedings is not as complete; the usual rules of evidence do not apply; and rights and procedures common to civil trials, such as discovery, compulsory process, cross-examination, and testimony under oath, are often severely limited or unavailable." (Internal quotation marks omitted.) Genovese v. Gallo Wine Merchants, Inc. , supra, 226 Conn. at 489, 628 A.2d 946. These concerns carry no weight, the city contends, when an employee has *1168 brought a claim before the commission because, pursuant to General Statutes § 31-298, the ordinary rules of procedure and evidence and the ordinary common-law principles also do not apply in proceedings **383 before the commission. The city further contends that § 31-51bb should not apply to claims filed with the commission because the relief that the commissioner can award pursuant to § 31-290a is significantly more limited than the relief that the Superior Court can award pursuant to that statute. See General Statutes § 31-290a (b) (trial court may award reinstatement of employee, payment of back wages, reestablishment of employee benefits to which employee would have been entitled if he had not been discriminated against, and "any other damages caused by such discrimination or discharge," as well as punitive damages and attorney's fees, whereas commissioner is authorized to award only reinstatement, payment of back wages and reestablishment of benefits).
We acknowledge that the particular legislative concerns regarding that fact-finding process in arbitration that this court cited in Genovese are addressed only when an employee has brought a claim in a forum that applies the ordinary rules of evidence and procedure. As we have explained, however, the legislative history of § 31-51bb shows that the primary purpose of the legislation was not to ensure that the ordinary evidentiary and procedural rules would apply to statutory causes of action pursued by employees covered by a collective bargaining agreement but, rather, to ensure that such employees would have the same right as other employees to pursue a statutory cause of action. Thus, when, in a particular case, a statutory cause of action provides employees with the choice of litigating before an agency or in court, we can see no reason why the fact that the remedies that are available in court are more expansive should bar an employee who is subject to a collective bargaining agreement from pursuing the cause of action before the agency. Indeed, it would be inappropriate to focus on the specific procedures and remedies available in a proceeding before the commission pursuant to § 31-290a when considering **384 the general question of whether § 31-51bb permits an employee who has obtained a decision from the state board pursuant to a collective bargaining agreement to subsequently pursue a statutory cause of action before an agency. We see no evidence that the legislature intended that this determination would be made on a case-by-case basis that depended on the evidentiary and procedural rules governing the statutory cause of action and the scope of the remedies that may be provided by the tribunal in which the action is pursued.
Moreover, although the ordinary rules of evidence and procedure do not apply in proceedings before the commission, it has expertise in the area of workers' compensation law that the state board does not have, thereby increasing the likelihood of a correct decision in a claim brought pursuant to § 31-290a. Indeed, because the commissioner and the review board have greater expertise in this area than the courts , it would be odd if § 31-51bb was intended to prevent the application of principles of collateral estoppel to workers' compensation claims brought in court but not before the commission. See Luce v. United Technologies Corp. , 247 Conn. 126, 138, 717 A.2d 747 (1998) (reviewing court is "obliged to give consideration to the [review] board's construction" of workers' compensation statutes because "[t]he [review] board ... obviously has special expertise in workers' compensation matters"). This will generally be the case when the legislature has authorized a cause of action to be pursued before an agency.
*1169 In addition, the decisions of the review board are reviewable by the Appellate Court, pursuant to General Statutes § 31-301b, and by this court upon the granting of certification to appeal or the transfer of the appeal from the Appellate Court. See General Statutes § 51-199 (c). In such appeals, the reviewing court "must resolve statutory ambiguities or lacunae in a manner that will further the remedial purpose of the [Workers'
**385 Compensation Act]." (Internal quotation marks omitted.) Gill v. Brescome Barton, Inc. , 142 Conn. App. 279, 296, 68 A.3d 88 (2013), aff'd, 317 Conn. 33, 114 A.3d 1210 (2015). This is in contrast to the extremely limited judicial review of an arbitrator's decision pursuant to § 52-418 (a) (4). See Harty v. Cantor Fitzgerald & Co. , supra, 275 Conn. at 85, 881 A.2d 139 (when submission to arbitration was unrestricted, trial court's review of decision is limited to determining whether "(1) the award fail[ed] to conform to the submission, or, in other words, [fell] outside the scope of the submission; or (2) the arbitrators manifestly disregarded the law").
For this reason, we also reject the city's claim that the provision of § 31-51bb permitting an employee to pursue a statutory cause of action in the Superior Court has been satisfied because the plaintiff filed an application to vacate the arbitrator's decision in the Superior Court pursuant to § 52-418 (a) (4). Again, the purpose of § 31-51bb was to give employees covered by a collective bargaining agreement the same right to bring a statutory cause of action as other employees. As we have just explained, because judicial review of an arbitration award is limited to determining whether the award conformed to the unrestricted submission and whether the arbitrator manifestly disregarded the law, the right to file, in the Superior Court, an application to vacate an arbitration award that resulted from proceedings provided for in a collective bargaining agreement is not equivalent to the right to file a claim with the commission pursuant to § 31-290a, which includes the right to subsequent judicial review under a more liberal standard.
The city also claims that the review board improperly determined that the doctrine of collateral estoppel did not bar the plaintiff from filing a claim pursuant to § 31-290a with the commission because it found that the issue raised in the arbitration proceedings before the state board was different from the issue raised in the **386 claim pursuant to § 31-290a. This court concluded in Genovese v. Gallo Wine Merchants, Inc. , supra, 226 Conn. at 486, 628 A.2d 946, however, that § 31-51bb permits a plaintiff to pursue a statutory cause of action "despite a prior adverse determination of the same or similar claim in an arbitration proceeding brought pursuant to a collective bargaining agreement." (Emphasis added.) Accordingly, even if we were to assume that the issue that the plaintiff raised in his claim to the commission pursuant to § 31-290a was the same as the issue that the state board previously had decided in arbitration, the claim to the commission would not be precluded. We conclude, therefore, that the review board correctly determined that § 31-51bb permitted the plaintiff to file a claim with the commission pursuant to § 31-290a, despite the fact that the state board previously had issued an adverse decision on a similar claim in the arbitration proceeding brought pursuant to the plaintiff's collective bargaining agreement.
The decision of the Compensation Review Board is affirmed.
In this opinion the other justices concurred.

Connecticut Interlocal Risk Management Agency, a nonprofit association that provides workers' compensation insurance coverage to the city, is also a defendant in this matter. In the interest of clarity, and because the Connecticut Interlocal Risk Management Agency has not raised any separate claims on appeal, we refer in this opinion to the city as the defendant.

General Statutes § 31-290a (a) provides: "No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter."

General Statutes § 31-51bb provides: "No employee shall be denied the right to pursue, in a court of competent jurisdiction, a cause of action arising under the state or federal Constitution or under a state statute solely because the employee is covered by a collective bargaining agreement. Nothing in this section shall be construed to give an employee the right to pursue a cause of action in a court of competent jurisdiction for breach of any provision of a collective bargaining agreement or other claims dependent upon the provisions of a collective bargaining agreement."

The city appealed to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

Pursuant to § 31-290a (b), an employee who is subject to alleged discrimination because he or she filed a workers' compensation claim may elect either to bring a civil action in the Superior Court or file a complaint with the chairman of the commission.

We recognize that § 31-51bb does not expressly state that an employee is authorized or is permitted to bring a statutory cause of action even though the claim raised in that action was previously decided by a grievance brought pursuant to a collective bargaining agreement. Rather, the statute provides that "[n ]o employee shall be denied the right to pursue" a statutory cause of action under these circumstances. (Emphasis added.) General Statutes § 31-51bb. In the interest of simplicity, however, we use the word permit in this opinion to indicate that, under § 31-51bb, an employee will not be denied the right to pursue a statutory cause of action by principles of collateral estoppel merely because that issue was previously decided in proceedings pursuant to a collective bargaining agreement.

The plaintiff employee in Kolenberg also raised a claim pursuant to the Teacher Tenure Act, General Statutes (Rev. to 1987) § 10-151. See Kolenberg v. Board of Education , supra, 206 Conn. at 121, 536 A.2d 577. This court concluded that claim was barred because "access to the courts under [§ 10-151] is possible only on appeal of a decision of the board of education," and the plaintiff had not filed any such appeal and could not have done so, presumably because he did not file a claim with the board of education. Id., at 121, 536 A.2d 577. Thus, the claim pursuant to § 10-151 was barred not because the plaintiff had failed to exhaust procedures pursuant to the collective bargaining agreement but because he had failed to exhaust his administrative remedy. See General Statutes (Rev. to 1987) § 10-151 (d) and (f) (giving tenured teacher right to administrative hearing following notice that teacher's contract will be terminated and allowing teacher aggrieved by decision thereof to appeal to Superior Court). It is not entirely clear whether this court's decision in Kolenberg was intended to require employees to exhaust procedures pursuant to a collective bargaining agreement before filing a statutory cause of action in the Superior Court, but it is reasonable to conclude that the same principle would apply to statutory claims and constitutional claims, i.e., if the relief requested could be obtained pursuant to the procedures provided in a collective bargaining agreement, those procedures must be exhausted. Cf. School Administrators Assn. v. Dow , supra, 200 Conn. at 383, 511 A.2d 1012 (claim that defendant employer had violated statutory procedures was barred because it was "within the scope of the contractual remedies available" under collective bargaining agreement); but see id., at 384, 511 A.2d 1012 (claim was also barred because plaintiffs had failed to exhaust administrative remedies available pursuant to General Statutes [Rev. to 1987] § 10-151).

In some cases, it simply is not clear one way or the other whether "a court of competent jurisdiction" includes tribunals other than the Superior Court, and we are reluctant to hazard a determination as to the scope and meaning of that phrase in a vacuum. See, e.g., General Statutes § 3-62g ("[i]f, after payment or delivery to the Treasurer, any officer ... of the federal government is compelled by a court of competent jurisdiction to make a second payment, the Treasurer ... shall refund the amount of such second payment"); General Statutes § 4-61oo (d) ("[n]othing in this subsection or subsection [c] of this section shall be construed to give a hiree or an applicant the right to pursue a cause of action in a court of competent jurisdiction for the violation of any provision of this subsection or subsection [c] of this section"); General Statutes § 4a-101 (e) ("[n]o person ... shall be held liable ... unless such person, agency, employee or official is found by a court of competent jurisdiction to have acted in a wilful, wanton or reckless manner").

In this regard, we note that complaints of discriminatory employment practices may be filed with the Commission on Human Rights and Opportunities pursuant to General Statutes § 46a-82. Inasmuch as the legislative history indicates that the statutory right to be free from discrimination is one of the rights that § 31-51bb was intended to protect, it would be anomalous to conclude that the statute does not permit the filing of such claims with the Commission on Human Rights and Opportunities if such a claim was previously decided in proceedings pursuant to a collective bargaining agreement.